**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 25-cv-25317-BLOOM/Elfenbein

RHOLAND ALLEN,

      Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

      Defendant.

_____/

**ORDER ON DEFENDANT'S MOTION TO**
**DISMISS PLAINTIFF'S COMPLAINT**

**THIS CAUSE** is before the Court upon Defendant Carnival Corporation's ("Defendant")

Motion to Dismiss ("Motion"), ECF No. [10]. Plaintiff Rholand Allen ("Plaintiff") filed a

Response in Opposition, ECF No. [11], to which Defendant filed a Reply, ECF No. [12]. The

Court has carefully reviewed the Complaint, the Motion, the Response, the Reply, the applicable

law, and is otherwise fully advised. For the reasons set forth below, Defendant's Motion is granted.

**I.      BACKGROUND**

Plaintiff filed his Complaint against Defendant alleging he was injured while a passenger

aboard Defendant's vessel, the *Panorama*. ECF No. [1] ¶¶ 13-14. Plaintiff alleges that on or about

November 22, 2024, the *Panorama* violently lurched and/or listed when the vessel was passing

through rough seas as the result of a storm. *Id.* ¶ 12. At the time, Plaintiff was in his stateroom

attempting to walk from his bed to the bathroom and, because of the sudden and violent movement

of the vessel, was violently thrown to the floor becoming trapped between the bed and the wall.

*Id.* ¶ 13. As a result, he suffered injuries including multiple bone fractures, nonhealing wounds, and other harms. *Id.* ¶ 14.

Plaintiff alleges that Defendant has decades of experience sailing its ships in the area and is well equipped to anticipate, forecast, and respond to known hazardous weather conditions. *Id.* ¶ 15. Defendant was aware of an approaching storm, and the captain of the vessel knew or should have known that the storm would affect the "smoothness" of sailing for passengers and that sudden and violent movements pose a risk of personal injury to passengers. *Id.* ¶¶ 16-17. Defendant can receive instructions on how to navigate bad weather and can make real-time adjustments to speed, course, port of call, and stabilizers to avoid violent movement of the vessel. *Id.* ¶¶ 16, 18. Plaintiff alleges court cases brought against Defendant with similar injuries as a result of dangerous weather conditions to establish that Defendant had notice of the danger. *Id.* ¶ 20. Defendant failed to properly adjust its stabilizers while navigating storm-related rough seas, which put its passengers at unreasonable risk. *Id.* ¶ 22.

Plaintiff asserts claims for Negligent Failure to Warn (Count I), General Negligence (Count II), Negligent Failure to Implement or Enforce Adequate Policies and Procedures (Count III), Vicarious Liability for Negligent Navigation of Vessel (Count VI), and Vicarious Liability for Negligent Failure to Warn (Count VII).[1] *See* ECF. No. [1].

Defendant's Motion seeks to dismiss Count III, arguing that it states a theory of negligent mode of operation, which is not recognized under maritime law. ECF No. [10] at 4. Plaintiff responds the Defendant erroneously characterizes Count III as a negligent mode of operation claim because Count III alleges negligence tied to the specific facts of Plaintiff's case and establishes actual or constructive notice of the relevant risk-creating condition. ECF No. [11] at 2. Defendant

---

[1] The Complaint alleges five separate counts but mistakenly labels the last two counts as Count VI and Count VII. For clarity, the Court will refer to these Counts as numbered in the Complaint.

replies that alleging notice does not distinguish the allegation from a negligent mode of operation claim, and adopting Plaintiff's characterization makes Count III duplicative of Plaintiff's failure to warn allegation. ECF No. [12] at 3-4.

## II.     LEGAL STANDARD

### A. Failure to State a Claim

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. If the allegations satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *See id.* at 556.

When reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party

are accepted as true."); *Iqbal*, 556 U.S. at 678. However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

### B.  General Maritime Law

In cases involving alleged torts "committed aboard a ship sailing in navigable waters," the applicable substantive law is general maritime law, the rules of which are developed by the federal courts. *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989) (citing *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959)); *see also Everett v. Carnival Cruise Lines*, 912 F.2d 1355, 1358 (11th Cir. 1990) ("Because this is a maritime tort, federal admiralty law should control. Even when the parties allege diversity of citizenship as the basis of the federal court's jurisdiction (as they did in this case), if the injury occurred on navigable waters, federal maritime law governs the substantive issues in the case."). In the absence of well-developed maritime law, courts may supplement the maritime law with general common law and state law principles. *See Smolnikar v. Royal Caribbean Cruises, Ltd.*, 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). "In analyzing a maritime tort case, [courts] rely on general principles of negligence law." *Chaparro*, 693 F.3d at 1336 (quoting *Daigle v. Point Landing, Inc.*, 616 F.2d 825, 827 (5th Cir. 1980)).

### III.   DISCUSSION

Defendant argues the allegation that Defendant failed to implement and/or enforce adequate policies and procedures asserts negligence based on a theory of negligent mode of operation, which is not recognized under maritime law. ECF No. [10] at 4. Plaintiff responds that Defendant erroneously characterizes Count III as a negligent mode of operation claim because

4

Plaintiff is not alleging Defendant's policies and procedures are negligent. ECF No. [11] at 1, 4. Plaintiff contends that Count III alleges negligence tied to the specific circumstances of Plaintiff's incident, and Defendant had notice of the dangerous condition and failed to implement or enforce policies and procedures to remedy it prior to Plaintiff's injuries. *Id.* at 2-3. Defendant replies that Plaintiff's position is belied by the language of Count III, which is titled "Negligent Failure to Implement or Enforce Adequate Policies and Procedures." ECF No. [12] at 1-2. Defendant argues that alleging notice does not distinguish the allegation from a mode of operation claim and that notice requires connection to the specific circumstances of Plaintiff's injury, not generalized policies and procedures. *Id.* Defendant further argues that Plaintiff recharacterizes Count III, but this recharacterization effectively alleges a failure to warn claim, which is duplicative of Count VII in the Complaint. *Id.* at 4. The Court agrees with Defendant that Count III states a negligent mode of operation claim.

It is well-established that maritime law does not recognize claims alleging negligence under a mode of operation theory. *See Malley v. Royal Caribbean Cruises, Ltd.*, 713 F. App'x 905, 910 (11th Cir. 2017) (citing *Keefe*, 867 F.2d at 1322). "[T]he basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition." *Cacciamani v. Target Corp.*, 622 F. App'x 800, 804 (11th Cir. 2015) (quoting *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260 (Fla. 2002)). This theory of liability "looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident." *Id.* (quotation marks omitted). According to the Eleventh Circuit, such a theory of negligence is "at odds with admiralty law's requirement that a cruise ship must have notice of the dangerous condition." *Malley*, 713 F. App'x at 910 (citing *Keefe*, 867 F.2d at 1322).

Although policies and procedures may be relevant to establish negligence, alleging negligence based on general policies to prevent dangerous conditions is not recognized as a stand-alone claim. *Stewart-Patterson v. Celebrity Cruises, Inc.*, No. 12-cv-20902, 2012 WL 2979032, at *3 (S.D. Fla. July 20, 2012) ("While evidence of Defendant's practices in preventing such conditions may be relevant to establishing Plaintiff's negligence claim, maritime law does not support a stand-alone claim based on Defendant's 'mode of operation' unconnected to Plaintiff's specific accident."). Courts in this District, including this Court, have concluded that allegations of negligence based on the failures of policies and procedures to address certain categories of harms constitute negligent mode of operation claims. *See e.g.*, *Smith v. NCL (Bah.), Ltd.*, 815 F. Supp. 3d 1314, 1323 (S.D. Fla. 2025) (policies and procedures relating to the condition of entry/exit ramps); *Nowak v. Carnival Corp.*, No. 24-24316-civ, 2025 WL 57525, at *3-4 (S.D. Fla. Jan. 9, 2025) (policies and procedures relating to staircase inspection and maintenance); *Youngman v. Royal Caribbean Cruises, Ltd.*, No. 23-cv-21796, 2023 WL 5206036, at *2 (S.D. Fla. Aug. 14, 2023) (policies and procedures relating to mobility-impaired passengers); *Haddad v. Celebrity Cruises*, No. 25-cv-20330, 2025 WL 3145895, at *4 (S.D. Fla. Oct. 31, 2025) (same); *Quashen v. Carnival Corp.*, 576 F. Supp. 3d 1275, 1297 (S.D. Fla. 2021) (policies and procedures relating to testing and maintaining door stoppers).

Here, Count III alleges that Defendant knew of dangerous weather conditions and "failed to implement, adopt and/or enforce adequate policies and procedures[.]" ECF No. [1] ¶¶ 42-43. By its very language, Count III alleges that the implementation or adoption of procedures regarding navigating in and responding to rough seas was inadequate and caused Plaintiff's injuries. This is soundly a negligent mode of operation claim.

To the extent Count III alleges Defendant failed to inform passengers regarding the dangers of traversing a vessel in rough seas, it is duplicative of Counts I and VII, alleging direct and vicarious liability for failure to warn. To the extent Count III alleges Defendant failed to properly navigate around or through rough seas, it is duplicative of Count VI, alleging vicarious liability for negligent navigation of the vessel. To the extent Count III seeks to hold Defendant liable "for failing to implement, adopt and/or enforce adequate policies and procedures" for navigating in rough seas, Count III sets forth a negligent mode of operation claim. Plaintiff's assertions of Defendant's knowledge of the hazard of inclement weather and allegations connecting that hazard to Plaintiff's specific injury do not transform Count III from a negligent mode of operation claim because the claim, standing alone, asserts that Defendant is liable because its policies and procedures were inadequate. Defendant's policies and procedures for operating in rough seas may be relevant to Plaintiff's other allegations of Defendant's liability, but asserting negligence in the failure to implement, adopt, or enforce adequate policies and procedures for navigating in rough seas as a stand-alone claim is foreclosed by Eleventh Circuit precedent. *See Quashen*, 576 F. Supp. 3d at 1297; *Stewart-Patterson*, 2012 WL 2979032, at *3. Therefore, Count III is dismissed for failing to state a claim recognized under maritime law.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, **ECF No. [10]**, is **GRANTED.**

2. Count III of Plaintiff's Complaint, ECF No. [1], is **DISMISSED WITH PREJUDICE**.

3. Defendant shall file an Answer to the Complaint on or before **May 12, 2026**.

Case No. 25-cv-25317-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 28, 2026.

BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record